UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| DAVID R. PUGH, <br><br> *Plaintiff,* <br><br> vs. <br><br> CORELOGIC CREDCO, LLC <br><br> *Defendant.* | Case No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Corelogic Credco, LLC ("Corelogic"), by counsel, hereby removes this action from the District Court for Prince George's County, Maryland, to the United States District Court for the District of Maryland, Southern Division. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a). Accordingly, Defendant removes this action and in support of their Notice of Removal state the following:

### I. BACKGROUND

1. On March 25, 2013, Plaintiff David R. Pugh ("Plaintiff") filed a Complaint (the "Complaint") against Defendant, in a civil action in the District Court for Prince George's County, Maryland, Case No. 0502001202l2013. A copy of all pleadings filed in state court is attached hereto as **Exhibit A**. Defendant was served with process on May 3, 2013.

2. Removal is timely under 28 U.S.C. § 1446(b) because this Notice is being filed with this Court within thirty (30) days of Defendant's receipt of service of copies of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

3. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

## II. FEDERAL JURISDICTION

4. In his Complaint, Plaintiff purports to allege the following causes of action against Defendants:

(i) Count I – Violations of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 (Compl. ¶¶ 13-15);

(ii) Count II – Violations of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (*Id.* ¶¶ 16-19);

(iii) Count III – Violations of Maryland Fair Debt Collection Practices Act (*Id.* ¶¶ 20-22); and

(iv) Count IV – Violations of Maryland Consumer Protection Act (*Id.* ¶¶ 23-31).

5. Defendant denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law.

6. Federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists over this action because the claims asserted by Plaintiff in his Complaint involve questions that will require

resolution of significant, disputed issues arising under federal law, including the the various federal consumer laws.

7. It is also well established that federal jurisdiction exists even when the complaint only purports to assert state law claims if the resolution of those claims depends on significant questions of federal law. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 303, 312 (2005). Indeed, in determining whether issues arise under federal law, the Court considers the substance of the underlying allegation, rather than its label or form. *Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (concluding that "federal question [exists] not in mere form but in substance, and not in mere assertion, but in essence and effect").

8. Accordingly, this case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under the FCRA and FDCPA and will require the Court to decide issues of federal law.

9. To the extent Plaintiff also asserts claims purporting to arise under the common law of the State of Maryland, these claims are so related to the Plaintiff's federal claims for alleged violations of FCRA and FDCPA, which are within the original jurisdiction of this Court. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

### III. VENUE

14. Venue is proper in this Court because this district and division encompass the District Court for Prince George's County, Maryland, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## IV. NOTICE

15. Concurrent with filing this Notice of Removal, Defendant will file a Notice of Filing of Notice of Removal with the Clerk of the District Court for Prince George's County, Maryland and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit B**.

16. If any questions arise as to the proprietary of the removal of this action, Defendant requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant hereby removes this action to this Court and seek whatever further relief this Court deems equitable and just.

Dated: June 3, 2013                     Respectfully submitted,

                                        **CORELOGIC CREDCO, LLC**

                                        By: /s/
                                        Mary C. Zinsner, Esq. (MD Bar No. 11763)
                                        Billy B. Ruhling, II, Esq. (MD Bar No. 17827)
                                        TROUTMAN SANDERS LLP
                                        1660 International Drive, Suite 600
                                        McLean, VA 22102
                                        Telephone: (703) 734-4326
                                        Facsimile: (703) 734-4340
                                        mary.zinsner@troutmansanders.com
                                        bill.ruhling@troutmansanders.com

                                        *Counsel for Corelogic Credco, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via FedEx overnight and First Class Mail, postage prepaid, upon the plaintiff on the 3rd day of June, 2013, at the following address:

> David R. Pugh
> 2109 Ramblewood Drive
> District Heights, MD  20747
> Plaintiff *pro se*

*(signature)*

Mary C. Zinsner, Esq. (MD Bar No. 11763)
Billy B. Ruhling, II, Esq. (MD Bar No. 17827)
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, VA 22102
Telephone:  (703) 734-4326
Facsimile:  (703) 734-4340
mary.zinsner@troutmansanders.com
bill.ruhling@troutmansanders.com

*Counsel for Corelogic Credco, LLC*

20500714v1