DISTRICT COURT OF MARYLAND
FOR PRINCE GEORGES COUNTY

David R. Pugh
   Plaintiff.

Case No. _____

-v-

CORELOGIC CREDCO, LLC;
   Defendant.

## COMPLAINT

Plaintiff, David R. Pugh, hereby sues Defendant, CORELOGIC CREDCO, LLC.; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Maryland Fair Debt Collection Practices Act (Md. COMMERCIAL LAW Code Ann. Title 14 Subtitle 2 §14-202) ; and for damages for violations of the Maryland Consumer Protection Act, (Md. COMMERCIAL LAW Code Ann. Title 13 ) *et. seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

4. Plaintiff, David R. Pugh, is a natural person and is a resident of the State of Maryland.

5. Upon information and belief Defendant, is or was a California company, unauthorized to do business in Maryland.

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

### FACTUAL ALLEGATIONS

7. On August 23, 2012, Defendant initiated a hard pull of Plaintiff's credit report from Experian without permissi' purpose, thereby reducing Plaintiff's credit score.

8. Defendant's registration to do business in Maryland has been cancelled Defendant is not authorized to do business in Maryland and has willfully ignored the law in obtaining Plaintiffs credit report.

9. Defendant has fraudulently obtained Plaintiff's credit report by using an illegal alias.

10. According to the Maryland State Department of Assessments and Taxation Defendant has done business using following names: CREDCO, INC., CORELOGIC CREDCO, LLC., FIRST AMERICAN CREDCO, FIRST AMERICAN CREDCO, INC., FIRST ADVANTAGE CREDCO, LLC., CREDCO/ONETECHNOLOGIES. Several of these trade names have been forfeited or cancelled by the Maryland Government. The last name on aforementioned list, which has never been registered in Maryland, was used to obtain Plaintiff's credit report.

11. Defendant attempted to collect on a Debt, which Defendant knew, or should have known, could not be done legally.

12. Plaintiff contends that the illegal actions of Defendant have harmed the Plaintiff, resulting in credit denials, inability to apply for credit, mental anguish and emotional distress.

## COUNT I
### VIOLATIONS OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANT

13. Paragraphs 1 through 12 are re-alleged as though fully set forth herein.

14. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a (c).

15. Defendant willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

   a) Defendant willfully violated 15 U.S.C. §1681b (f) by, obtaining Plaintiff's consumer report without a permissible purpose.

   b) Defendant willfully violated 15 U.S.C. §1681q by, Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under ti 18, imprisoned for not more than 2 years, or both.

WHEREFORE, Plaintiff demands judgment in the amount of $2000.00; for damages against Defendant for statutory damages, and punitive damages, fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
### (FDCPA), 15 U.S.C. §1692 BY DEFENDANT

16. Paragraphs 1 through 12 are re-alleged as though fully set forth herein.

17. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

18. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated 15 U.S.C. §1692e (10) by, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   b) Defendant violated 15 U.S.C. § 1692e (14) by, Any name other than the true name of the debt collector's business

2

WHEREFORE, Plaintiff demands judgment in the amount of $1000.00; for damages against Defendant for statutory damages, fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT III
### VIOLATION OF MARYLAND FAIR DEBT COLLECTION PRACTICES ACT,
### Md. COMMERCIAL LAW Code Ann. Title 14 Subtitle 2 §14-202
### BY DEFENDANT

20. Paragraphs 1 through 12 are re-alleged as though fully set forth herein.

21. Defendant is a debt collector within the meaning of Title 14 Subtitle 2 §14-201(b).

22. Defendant violated §14-202 (5) by, Claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist.

WHEREFORE, Plaintiff demands judgment in the amount of $1000.00; for damages against Defendant for emotional distress or mental anguish pursuant to Maryland Fair Debt Collection Practices Act Title 14 Subtitle 2 §14-203.

### COUNT IV
### VIOLATIONS OF MARYLAND CONSUMER PROTECTION ACT,
### Md. COMMERCIAL LAW Code Ann. Title 13
### BY DEFENDANT

23. Paragraphs 1 through 12 are re-alleged as though fully set forth herein.

24. Plaintiff is a consumer within the meaning of Title 13 Subtitle 1 §13-101(c)(1).

25. Defendant is a merchant within the meaning of Title 13 Subtitle 1 §13-101(g)(1).

26. Defendant violated Title 13 Subtitle 3 §13-301 (1) by, falsely disparaging, or misleading oral or written statement visual description, or other representation of any kind which has the capacity tendency, or effect of deceiving o misleading consumers.

27. Defendant violated Title 13 Subtitle 3 §13-301 (2) by, Representation that:

    (a) (ii) A merchant has a sponsorship, approval, status, affiliation, or connection, which he does not have.

28. Defendant violated Title 13 Subtitle 3 §13-301 (3) by, failure to state a material fact if the failure deceives or tends to deceive.

29. Defendant violated Title 13 Subtitle 3 §13-301 (14) by, violation of a provision of:

    (a) (i) This title;

    (b) (iii) Title 14, Subtitle 2 of this article, the Maryland Consumer Debt Collection Act;

30. Defendant violated Title 13 Subtitle 3 §13-302 by, any practice prohibited by this title is a violation of this title whether or not any consumer in fact has been misled, deceived, or damaged as a result of that practice.

31. Defendant violated Title 13 Subtitle 3 §13-303 by, a person may not engage in any unfair or deceptive trade practice, as defined in this subtitle or as further defined by the Division, in:

   a) (5) The collection of consumer debts.

WHEREFORE, Plaintiff demands judgment in the amount of $1000.00; for damages against Defendant for violation pursuant to Md. COMMERCIAL LAW Code Ann. Title 13 Subtitle 4 §13-410.

WHEREFORE, Plaintiff, David R. Pugh, respectfully requests judgment be entered against Defendant for the total amount of $5,000.00 plus court costs, and any other relief that this Honorable Court deems appropriate, for which let execution issue.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: April 24, 2013,

Respectfully submitted,

David R. Pugh
2109 RAMBLEWOOD DRIVE
DISTRICT HEIGHTS, MARYLAND 20747
(202) 670-6715