IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID R. PUGH                          :

    v.                                 :    Civil Action No. DKC 13-1602

CORELOGIC CREDCO, LLC                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law, § 14-201 *et seq.*,[1] and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101 *et seq.*, is a motion to dismiss filed by Defendant Corelogic Credco, LLC. ("Corelogic" or "Defendant"). (ECF No. 12).[2] The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, Defendant's motion will be granted.

---

[1] Plaintiff refers to this statute as the "Maryland Fair Debt Collection Practices Act" in the complaint.

[2] Although Defendant styles the motion as a motion to dismiss, it is actually a motion for judgment on the pleadings because Defendant answered the complaint prior to the motion.

**I. Background**

**A. Factual Background[3]**

David R. Pugh ("Plaintiff"), proceeding *pro se*, has sued Corelogic for damages resulting from a "hard pull" of his credit report on August 23, 2012 that allegedly reduced his credit score and resulted in "credit denials, inability to apply for credit, mental anguish and emotional distress." (ECF No. 2 ¶¶ 7, 11).[4] From the limited information in the complaint, Plaintiff seems to allege that Corelogic attempted to collect a debt from him "which Defendant knew, or should have known, could not be done legally," (Id. ¶ 11), and used an illegal or unregistered alias to obtain Plaintiff's credit report from Experian, a credit reporting agency. (*Id.* ¶ 9). Specifically, Plaintiff asserts that Corelogic uses multiple aliases in conducting business, including: CREDCO, INC.; CORELOGIC CREDCO, LLC; FIRST AMERICAN CREDCO; FIRST AMERICAN CREDCO, INC.; FIRST ADVANTAGE CREDCO, LLC; and CREDCO/ONETECHNOLOGIES. (*Id.* ¶ 10). Plaintiff maintains that Defendant used the alias "CREDCO/ONETECHNOLOGIES" impermissibly to obtain Plaintiff's

---

[3] The facts are drawn from the complaint.

[4] A "hard pull" is a full credit inquiry conducted when someone applies for a loan or line of credit. *See Harkins, Jr. v. Diversified Collection Services, Inc.*, No. PJM 12-1229, 2012 WL 5928997, at *1 n.1 (D.Md. Nov. 26, 2012). It has been said that each hard pull can result in the reduction of a credit score by up to five points. *Id.*

credit report.  (*Id.*).  Finally, Plaintiff contends that Defendant's registration to conduct business in Maryland has been cancelled and Defendant has "willfully ignored the law in obtaining Plaintiff's credit report." (*Id.* ¶ 8).

### B. Procedural Background

On April 24, 2013, Plaintiff commenced this action in the District Court of Maryland for Prince George's County.  (ECF No. 2).  In the complaint, Plaintiff asserted that Corelogic did not have a permissible purpose for pulling his credit report and therefore violated the FCRA, 15 U.S.C. § 1681b.  Plaintiff further alleged that Corelogic violated 15 U.S.C. § 1681q by knowingly and willfully obtaining information under false pretenses.  Plaintiff also averred that Defendant violated the FDCPA, 15 U.S.C. § 1692 *et seq.*, the MCDCA, Md. Code Ann., Com. Law § 14-201 *et seq.*, and the MCPA, Md. Code Ann., Com. Law § 13-301 *et seq*.

Defendant removed the action to this court on June 3, 2013, citing federal question jurisdiction as the jurisdictional basis.  (ECF No. 1).  On the same date, Defendant filed a "Notice of Intent to Defend," which is equivalent to an answer to Plaintiff's complaint.  (ECF No. 4).  Defendant then moved to dismiss the complaint on June 10, 2013, on the ground that Plaintiff failed to state a claim upon which relief can be granted for all of the claims asserted.  (ECF No. 12).

Plaintiff was provided with a *Roseboro* notice, which advised him of the pendency of the motion and his entitlement to respond within seventeen (17) days from the date of the letter. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).[5] Plaintiff did not oppose the motion. Given that the time for Plaintiff to file an opposition has elapsed, this matter is now ripe for resolution.

**II. Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Under the circumstances presented here, the motion is governed by the same standard governing motions to dismiss for failure to state a claim under Rule 12(b)(6). *Burbach Broad Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim

---

[5] The record reflects that a *Roseboro* notice was sent to Plaintiff on June 10, 2013. (ECF No. 13).

showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pled allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged,

5

but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (*quoting* Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**III. Analysis**

**A. FCRA Claim (Count I)**

The sparse factual allegations in the complaint do not state an FCRA claim. Plaintiff merely asserts that Defendant willfully obtained his consumer report under false pretenses without a permissible purpose in violation of Sections 1681b and 1681q. (ECF No. 2 ¶ 15).

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 52 (2007). The FCRA imposes civil liability on any person – defined to include any corporation or other entity, *see* 15 U.S.C. § 1681a(b) – who willfully or negligently fails to comply with its requirements. *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 899-900 (4th Cir. 2003); *see also* 15 U.S.C. §§ 1681n, 1681o. Section 1681b(f) prohibits persons from "us[ing] or obtain[ing] a consumer report for any purpose" unless that

purpose is expressly authorized by the FCRA.[6] To state a claim for an improper use or acquisition of a consumer report, Plaintiff must plead the following elements: (1) that there was a consumer report; (2) that Defendant used or obtained it; (3) that Defendant did so without a permissible statutory purpose; and (4) that Defendant acted with the specified culpable mental state. *Suit v. Direct TV, LLC*, No. 12-cv-1784-JKB, 2012 WL 5880280, at *1 (D.Md. Nov. 20, 2012); *Shepherd Salgado v. Tyndall Fed. Credit Union*, No. 11 Civ. 0427 (WS-B), 2011 WL 5401993, at *3 (S.D.Ala. Nov. 7, 2011); *McFarland v. Bob Saks Toyota, Inc.*, 466 F.Supp.2d 855, 867 (E.D.Mich. 2006).[7] Plaintiff must plead facts to support each element of his claim in order to survive a motion to dismiss.

The allegations contained in Plaintiff's complaint do not provide sufficient notice to Defendant as required by Rule 8(a)(2) and as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662

---

[6] Section 1681q provides for damages when "any person knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." 15 U.S.C. § 1681q. "The standard for determining when a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. § 1681b." *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978).

[7] To prevail on the theory of willful violation of the FCRA, the plaintiff must "show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of the consumer." *Ausherman*, 352 F.3d at 900 (internal citations omitted).

(2009). Instead, Plaintiff simply recites elements of potential causes of action under the FCRA, but provides no factual and contextual information about Defendant's alleged violation. Because Plaintiff has failed to provide any facts giving rise to a plausible claim that Defendant violated the FCRA negligently, much less willfully, Plaintiff has not met his pleading burden.

### B. FDCPA Claim (Count II)

Plaintiff also alleges that Defendant violated various provisions of the FDCPA, which protects consumers from "abusive and deceptive debt collection practices by debt collectors." *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F.Supp.2d 492, 500 (D.Md. 2004). The FDCPA "forbids the use of any false, deceptive, or misleading representation or means in debt collection and provides a non-exhaustive list of prohibited conduct." *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). In order to prevail on a FDCPA claim, a Plaintiff must prove that:

> (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

*Dikun v. Streich*, 369 F.Supp.2d 781, 784 (E.D.Va. 2005) (*citing Fuller v. Becker & Poliakoff*, 192 F.Supp.2d 1361 (M.D.Fla. 2002)

(citations omitted)). Thus, as a threshold matter, Plaintiff must show, rather than make a blanket assertion, that Corelogic is a debt collector within the meaning of the statute and that it used "prohibited practices . . . in an attempt to collect the debt." *Akalwadi*, 336 F.Supp.2d at 500. Section 1692a(6) includes in the definition of debt collector "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." As Defendant contends, it may be that Plaintiff's conclusory allegation that Defendant is a debt collector (*see* ECF No. 2 ¶ 18) is insufficient to bring Defendant within the statute's purview. But even assuming Defendant is a debt collector within the meaning of the statute, Plaintiff nevertheless fails to state a claim under the FDCPA.

Plaintiff avers that Defendant violated Sections 1692e(10) and 1692e(14) by obtaining his credit report using an alias or name that was not registered in Maryland. Section 1692e(10) states that a debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692e(14) prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization" to collect a debt. Plaintiff must provide factual support bearing

on Defendant's purported misconduct under the FDCPA, which Plaintiff fails to do here. Specifically, Plaintiff does not allege that Defendant used an alias or unregistered name to *collect a debt*, which is a prerequisite to recovery under the FDCPA. Instead, Plaintiff asserts that Defendant used "CREDCO/ONETECHNOLOGIES," which allegedly was never registered in Maryland, to obtain Plaintiff's credit report. Plaintiff's subsequent naked assertion that "Defendant attempted to collect on a [d]ebt, which Defendant knew, or should have known, could not be done legally" (ECF No. 2 ¶ 11) is "devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, and insufficient to show actionable misconduct by Defendant.

**C. MCDCA (Count III)**

Plaintiff also claims that Defendant violated the MCDCA, which provides that in collecting or attempting to collect an alleged debt, a collector may not engage in various activities, including "claim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law § 14-202(8).[8] To establish a *prima facie* case under the MCDCA, Plaintiff must set forth factual allegations tending to establish two elements: (1) that Defendant did not

---

[8] Although Plaintiff asserts that "Defendant violated § 14-202(5) by, [c]laiming, attempting, or threatening to enforce a right with knowledge that the right does not exist," (ECF No. 2 ¶ 22), this prohibition is found in Section 14-202(8).

10

possess the right to collect the amount of debt sought; and (2) that Defendant attempted to collect the debt knowing that it lacked the right to do so. *See Harkins*, 2012 WL 5928997, at *4. The key to prevailing on a claim of MCDCA is to demonstrate that the defendant "acted with knowledge as to the *invalidity* of the debt." *Stewart v. Bierman*, 859 F.Supp.2d 754, 769 (D.Md. 2012) (emphasis in the original) (internal citations omitted) (dismissing plaintiff's MCDCA claim for failure to demonstrate defendant's knowledge). In *Stewart v. Bierman*, the court held that plaintiffs' MCDCA claim failed because they merely recited the statutory language in alleging that defendants "violated the MCDCA by claiming, attempting or threatening to enforce rights with the knowledge that the right did not exist." 859 F.Supp.2d at 769. This is exactly what Plaintiff has done here. Plaintiff recites the applicable statutory language, but fails to plead any factual allegations to support his legal conclusions. Consequently, this claim also fails.

**D. MCPA Claim (Count IV)**

Finally, Plaintiff alleges, again without any factual support, that Defendant engaged in unfair or deceptive trade practices in violation of the MCPA. "A person may not engage in any unfair or deceptive trade practice . . . in . . . [t]he collection of consumer debts." Md. Code Ann., Com. Law § 13-303(5). These deceptive and unfair trade practices include

"false, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers." Section 13-301(1). In addition, a merchant cannot promote "a sponsorship, approval, status, affiliation, or connection which he does not have." Section 13-301(2)(ii). An entity cannot withhold a material fact if the "failure deceives or tends to deceive." Section 13-301(3). A consumer, however, need not actually be "misled, deceived, or damaged as a result of [a practice prohibited in this title]" in order to constitute a violation of the title. Section 13-302. But a private party who brings a suit must establish that it reasonably relied to its detriment on some promise or misrepresentation and has "suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the seller's misrepresentation." *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 143 (2007). Thus, Plaintiff "must establish actual injury or loss, despite the language in [Section] 13-302 [*i.e.,* that '[a]ny practice prohibited by this title is a violation . . . whether or not any consumer in fact has been misled, deceived, or damaged as a result of that practice.']." *Morris v. Osmose Wood Preserving*, 340 Md. 519, 538 n.10 (1995); *Willis v. Countrywide Home Loans Servicing*, Civ. No. CCB 09-1455, 2009 WL 5206475, at *6 (D.Md. Dec. 23,

2009) (dismissing MCPA claim where plaintiff failed to allege that "Countrywide's misinformation regarding loan modification programs caused [plaintiff] to suffer any specific harm, apart from the debt that he already owed")). Finally, the MCPA also establishes that, by definition, the violation of several other enumerated Maryland statutes, including the MCDCA, discussed *infra*, constitutes unfair or deceptive trade practices proscribed by the MCPA. *See generally* Section 13-301(14) (enumerating incorporated statutes).

Plaintiff has not pled any facts to establish Defendant's purported misconduct giving rise to MCPA liability. As a threshold matter, Plaintiff has not shown that Defendant attempted to collect on a consumer debt. Plaintiff again offers nothing more than blanket recitals of the various MCPA statutory provisions, failing to show that Defendant used deceptive tactics in collecting a consumer debt. Although Plaintiff asserts that Defendant's use of a fake and unregistered alias to conduct a "hard pull" harmed Plaintiff by causing "credit denials, inability to apply for credit, mental anguish and emotion distress," (ECF No. 2 ¶ 12), Plaintiff does not allege reliance or establish a causal connection between any alleged misconduct by the Defendant and Plaintiff's resulting damages.[9]

---

[9] To the extent Plaintiff attempts to assert a fraud-based MCPA claim through his conclusory allegation that "Defendant has

Furthermore, to the extent Plaintiff alleges that Defendant's conduct constituted violations of the MCPA vis-à-vis the MCDCA (*see* ECF No. 2 ¶ 29), as previously stated, Plaintiff's complaint is devoid of any facts sufficient to make a *prima facie* showing that Defendant violated the MCDCA. Accordingly, judgment on the pleadings will be entered in favor of Defendant on this final claim as well.

IV. **Conclusion**

For the foregoing reasons, Defendant's motion will be granted. A separate order will follow.

>                          /s/
>                          DEBORAH K. CHASANOW
>                          United States District Judge

---

fraudulently obtained Plaintiff's credit report by using an illegal alias" (ECF No. 2 ¶ 9), this claim fails to comply with Rule 9(b)'s heightened pleading standard, which requires a plaintiff to plead "with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b); s*ee also Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (stating that an MCPA claim that "sounds in fraud, is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)").

14